**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **NICK TRIANTAFILLOU,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **8:06CV261** |
| **vs.** | ) | |
| | ) | **PROTECTIVE ORDER** |
| **BURGER KING CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

WHEREAS, the parties believe that certain information to be revealed in the course of this proceeding is of a proprietary and/or confidential nature;

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned parties, through their attorneys, that any information, whether revealed in deposition testimony, responses to discovery, or through documents produced in the course of the proceeding, which is designated by either party as CONFIDENTIAL shall be used only for the purpose of preparation for the above-captioned action, and shall not be used for any other purpose, including, but not limited to, disclosure to the general public (including, but not limited to, competitors of either party, the press or news media, and customers or potential customers of either party), and shall not be used by either party in connection with their business.

Use for the purpose of preparation for the above-captioned action, for the purposes of this stipulation, shall consist of and be limited to disclosure to: (1) counsel for either party (including partners and associates of such counsel and in-house counsel); (2) employees or agents of such counsel in connection with the preparation for this action; (3) officers of the parties who are involved in the management of the proceeding; (4) consultants or experts engaged by counsel for either party in connection with the preparation for this action; and (5) the U.S. District Court of Nebraska (hereinafter the "Court"), subject to a mutual request by the parties that the confidential nature of the documents be preserved by an order sealing the documents, or by such other means as the Court shall direct.

Any person to whom the information designated CONFIDENTIAL is to be disclosed pursuant to (3) and (4) of the above paragraph of this Protective Order shall be informed of the content of this Protective Order prior to said disclosure and shall agree in writing to be bound by its terms.

A party may designate confidential material as ATTORNEYS' EYES ONLY if the party believes in good faith that any particular confidential material contains any of the following:

a.  Trade secrets, as defined in 18 U.S.C. § 1839(3);

b.  Confidential commercial information that has never been disclosed to a third party or the public, other than the respective party's agents and/or employees, including, without limitation, business plans and strategies, financial information, sales data, marketing plans, sources of raw materials and ingredients, and competitive analyses; and,

c.  Proprietary research not previously disclosed to the public or to third parties other than the respective parties' agents and/or employees.

Information which is designated ATTORNEYS' EYES ONLY shall be disclosed only to the following persons who have agreed or have been ordered to be bound by this Protective Order: (1) counsel for either party, including partners and associates of such counsel and in-house counsel; (2)  consultants or experts engaged by counsel for either party in connection with the preparation for this action, provided that such expert or consultant has read this Protective Order, and has agreed in writing to be bound thereby; (3) deponents during the course of their depositions, the deponent's attorney and deposition reporters, notaries and staff, provided that such persons have read this Protective Order, and have agreed in writing to be bound thereby; (4) such other persons as hereafter may be designated by written stipulation of the parties or by further order of the Court; and (5) the Court and Court personnel, subject to a mutual request by the parties that the confidential nature of the documents be preserved by an order sealing the documents, or by such other means as the Court shall direct.  Any information, whether revealed in deposition testimony, responses to discovery, or through documents produced in the course of the proceeding, which is designated by either party as

ATTORNEYS' EYES ONLY shall be used only for the purpose of preparation for the above-captioned action, and shall not be used for any other purpose, including, but not limited to, disclosure to the general public (including, but not limited to, competitors of either party, the press or news media, and customers or potential customers of either party), and shall not be used by either party in connection with their business.

Unless otherwise ordered by this Court or agreed to by the parties, all documents and transcripts containing CONFIDENTIAL and/or ATTORNEYS' EYES ONLY designations filed with this Court or any other court or agency shall be filed in a sealed envelope with an accompanying motion. In the event any CONFIDENTIAL and/or ATTORNEYS' EYES ONLY material or information produced under this Order is used in any court or administrative proceeding, it shall not lose its status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

Should either party believe that the other party has inappropriately designated or is inappropriately designating documents or information CONFIDENTIAL or ATTORNEYS' EYES ONLY, or otherwise wishes to be relieved of obligations under this Order, it shall give the producing party written notice of its objection, including a short statement of the reason for its objection. The receiving party shall have ten (10) days after receipt of that notice to petition the Court for removal of the disputed confidentiality designation. The producing party shall have the burden of demonstrating that its confidentiality designation is appropriate.

The parties acknowledge that the mere fact that documents or information are designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY by the producing party creates no presumption that: (1) the documents or information so designated have been rightfully designated as such; or (2) that the producing party has any proprietary or protectable interest in said documents or information; or (3) the producing party is rightfully in possession of or rightfully received said documents or information.

The parties further acknowledge that the receiving party's failure to file, or delay in filing, a court petition challenging the designation of documents or information as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall create no presumption that: (1) the documents or information were rightfully designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY; or (2) the producing party has any proprietary or protectable interest in said documents or information; or (3) the producing party is in rightful possession of or has rightfully received said documents or information.

Respectfully submitted by:

**PLAINTIFF NICK TRIANTAFILLOU**

**By** s/ Megan S. Wright

  Trenten P. Bausch (#20655)
  Megan Sebastian Wright (#21782)
  Blackwell Sanders Peper Martin, LLP
  1620 Dodge Street
  Omaha, NE   68102

  Michael A. Kahn
  Blackwell Sanders Peper Martin, LLP
  720 Olive Street
  St. Louis, MO 63101

**DEFENDANT BURGER KING CORPORATION**

**By** s/ Kenneth W. Hartman

  Jill Robb Ackerman (#17623)
  Kenneth W. Hartman (#21954)
  Baird, Holm, McEachlen, Pedersen,
  Hamann & Strascheim LLP
  1500 Woodmen Tower
  Omaha, Nebraska 68102-2068

  Floyd A. Mandell
  Julie P. Setren
  Katten Muchin Rosenman LLP
  525 West Monroe Street
  Chicago, IL  60661-3693
  (312) 902-1061 (fax)

  **IT IS SO ORDERED.**

  **DATED  August 15, 2006.**

                    **BY THE COURT:**

                    **s/ F.A. Gossett**
                    **United States Magistrate Judge**